In the Matter of HERMAN L. ROTH, an Attorney, Respondent.

First Department, February 15, 1918.

**Attorney and client — charges of professional misconduct in inducing client to sign deed of trust and execute contingent fee agreement not sustained — attorney severely censured for commingling trust fund with his own and using same and for making certain investments — effect of prior good reputation in community and lack of willful dishonesty.**

Charges against an attorney at law of professional misconduct in inducing his client to sign a deed of trust and an agreement for a contingent fee of twenty-five per cent of whatever he might be able to secure for her in the settlement of her husband's estate, *held*, not to have been sustained by the evidence.

Said attorney should be severely censured, however, for commingling the trust fund with his own, and at times using it as his own, and also for investing the funds in second mortgages and in corporate stock.

The fact that said attorney appears to have maintained a good reputation in the community and does not appear to have been guilty of willful dishonesty has protected him from more severe disciplinary measures.

DISCIPLINARY proceedings instituted by the Association of the Bar of the City of New York.

*John G. Jackson* of counsel [*Einar Chrystie*, attorney], for the petitioner.

*Frederic Cyrus Leubuscher*, for the respondent.

PER CURIAM:

This is a disciplinary proceeding instituted by the Association of the Bar of the City of New York. The respondent is a man of mature age who has been a member of the bar for over twenty years. He is charged with misconduct in his professional relations with one Grace V. Grosz, now deceased. Mrs. Grosz' husband died suddenly on December 19, 1911, and in a few days afterwards she consulted the respondent as to her affairs which she desired him to take in charge. There seems to have been some doubt at that time as to how much the husband's estate would amount to, and Mrs. Grosz also apprehended that her deceased husband's relatives might contest her right to administer the estate and to enjoy it. She had no money with which to pay a retainer and it was ultimately agreed, in writing, that respondent should retain twenty-five per cent of whatever he might be able to secure for her. There was some contest before the surrogate as to who should be appointed administrator and it was finally agreed that one Edward Schwartz, an office associate of the respondent, and one Arthur J. Grosz, a brother of the deceased husband should be appointed administrators. Mrs. Grosz had contracted such habits that it was deemed inadvisable by all concerned in her welfare that she should have control of whatever might come to her from her late husband's estate, and with the full concurrence and approval of her father, and her other nearest relative, it was arranged that she should execute, as she did, a trust agreement to respondent whereunder she should receive the income during her life, and at her death the principal should be divided between certain nephews and nieces. At the same time that Mrs. Grosz executed this trust deed, she also executed the agreement that respondent should retain the contingent fee above referred to for his services. Thus respondent assumed towards Mrs. Grosz the dual relationship of attorney and trustee.

The charges against the respondent are that he was guilty of misconduct in obtaining from Mrs. Grosz the execution of the trust agreement and retainer, in having converted to his own use some of the money received by him pursuant to the terms of the trust agreement, and in having improperly managed and invested the trust estate. With reference to

the execution of the trust deed the gravamen of the charge is that Mrs. Grosz was not in a mental condition when she executed it to know what she was doing. The referee finds this charge unsustained, and the same conclusion was arrived at by a referee appointed by the Supreme Court in a proceeding wherein the respondent was called upon to account. The evidence seems to justify these conclusions, especially since the execution of the trust deed was known to and approved of by Mrs. Grosz' relatives who were interested in the protection of the estate. The exaction of a contingent fee of twenty-five per cent appears in the light of the subsequent history of the case to have been unreasonable. But it could not be known when the agreement was made just what difficulties might be in the way of collecting the estate, and, as the official referee justly observes in the circumstances as they existed at the time, the opinion of fair-minded men, well qualified to judge, might well have differed as to the reasonableness of the fee agreed upon. In the accounting proceeding already referred to the amount which would have been received by respondent under this agreement has been reduced by one-half, and he has made a settlement on this basis. We think he should be acquitted of intentional misconduct in inducing his client to sign the agreement for the contingent fee.

The charge of conversion of the funds is based upon a practice by the respondent which we have often had occasion to condemn under like circumstances. That is that he commingled these funds with his own by depositing them in his personal bank account upon which he drew from time to time for his own purposes without taking care to see that there always remained in the account a sufficient sum to cover the amount of the trust fund for which he was then responsible. It appears that on several occasions, at least, his bank account did not represent sufficient funds to make good the trust estate for which he was at the time chargeable. This practice resulted in, at least, a technical conversion of the fund to his own uses, and is deserving of severe censure. Fortunately it does not appear to have resulted in any loss to the estate. The official referee also finds that the respondent was censurable for having invested part of the funds in second mortgages and in stock of a certain corporation. In this view we entirely

concur, notwithstanding the deed of trust was so drawn as to vest a wide discretion in the trustee in regard to investments. The respondent does not appear to have been actuated by any desire to make a personal profit by these investments, but to have been influenced by a desire to gain a larger income from the fund than could have been obtained from more conservative investments. Here again the estate fortunately has not suffered any ultimate loss. In conclusion we are of opinion that in so far as the respondent has been charged with professional misconduct in inducing his client to sign the deed of trust and the contingent fee agreement the charges are not sustained. But in so far as he commingled the trust fund with his own, and at times used them as if they were his own, and in so far as he made the investments referred to he is entitled to the severe censure of the court which is hereby passed upon him.

That no more severe disciplinary measure is taken is due to the fact that respondent appears to have maintained a good reputation in the community, and does not appear to have been guilty of willful dishonesty.

·Present — CLARKE, P. J., LAUGHLIN, DOWLING, SMITH and PAGE, JJ.

Respondent censured. Order to be settled on notice.